UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALEC L. ROUSE,

        Plaintiff,　　　　　　　**DECISION AND ORDER**

        v.　　　　　　　　　　　　6:19-CV-06862 EAW

NICOLAS VANIER,

        Defendant.
_____

## INTRODUCTION

Plaintiff Alec L. Rouse ("Plaintiff") commenced this action against defendant Nicolas Vanier ("Defendant"), arising from a motor vehicle accident. (*See* Dkt. 1). Currently pending before the Court is a motion for partial summary judgment filed by Plaintiff. (Dkt. 20). For the reasons set forth below, Plaintiff's motion is granted in part and denied in part.

## BACKGROUND

### I. Factual Background

The following facts are taken from Plaintiff's Statement of Undisputed Facts (Dkt. 20-2), Defendant's Response to Plaintiff's Statement of Undisputed Material Facts (Dkt. 25-12), and the exhibits submitted by the parties. Unless otherwise noted, the facts set forth below are undisputed.

On May 4, 2019, Plaintiff was working as a driver making deliveries on behalf of Amazon when he ran out of gas on his drive from Buffalo to Rochester, New York. (Dkt.

20-2 at ¶¶ 10, 11; Dkt. 25-12 at ¶¶ 10, 11).  Plaintiff pulled his car onto the shoulder of the road and called his dispatch officer and AAA to report the incident.  (Dkt. 20-2 at ¶¶ 12-13; Dkt. 25-12 at ¶¶ 12-13).  While waiting for assistance, Plaintiff returned to his van and activated his hazard lights.  (Dkt. 20-2 at ¶¶ 13, 15; Dkt. 25-12 at ¶¶ 13, 15).

Defendant was operating a Honda Fit while traveling to his home in Quebec from Niagara Falls, Canada, where he had visited the day before.  (Dkt. 20-2 at ¶¶ 19-21; Dkt. 25-12 at ¶¶ 19-21).  Defendant slept in his car and spent about four hours in Niagara Falls before beginning his return trip.  (Dkt. 20-2 at ¶ 22; Dkt. 25-12 at ¶ 22).  Defendant recalled feeling tired as was driving "in the fast lane, like usual," when he fell asleep and woke up when his car struck Plaintiff's van.  (Dkt. 20-2 at ¶ 24; Dkt. 25-12 at ¶ 24).  Defendant's car was totaled from the impact.  (Dkt. 20-2 at ¶ 25; Dkt. 25-12 at ¶ 25).

Plaintiff was transported to Strong Memorial Hospital for evaluation of his neck and back, and left shoulder pain.  (Dkt. 20-2 at ¶ 28; Dkt. 25-12 at ¶ 28).  Thereafter, Plaintiff received chiropractic treatment, physical therapy, injections, a TENS unit, a back brace, and medications.  (Dkt. 20-2 at ¶ 29; Dkt. 25-12 at ¶ 29).  On March 6, 2020, Plaintiff had surgery performed on his neck at Buffalo General Hospital.  (Dkt. 20-2 at ¶ 30; Dkt. 25-12 at ¶ 30).

Plaintiff maintains that he has been unable to perform his past work since the accident and is capable of only sedentary or light work at this time.  (Dkt. 20-2 at ¶ 31).  He states that prior to the accident, he had no other injuries or complaints regarding his neck or back.  (*Id.* at ¶¶ 32, 33).  Plaintiff's treating surgeon opined that Plaintiff had a temporary impairment of 75% and a lumbar injury that cannot be addressed surgically.  (*Id.*

at ¶ 35, 36). Plaintiff maintains that his restrictions and limitations were caused by the accident. (*Id.* at ¶ 39).

## II. Procedural Background

Plaintiff commenced the instant action in New York State Supreme Court, Monroe County. (Dkt. 1 at 8-9). The matter was removed to this Court on November 19, 2019, on the basis of diversity jurisdiction. (*Id.* at 1-3).

Plaintiff filed the instant motion for partial summary judgment on March 18, 2021. (Dkt. 20). Defendant filed his opposition to Plaintiff's motion on April 16, 2021. (Dkt. 25). Plaintiff filed his reply in further support of his motion for partial summary judgment on April 30, 2021. (Dkt. 27).

## DISCUSSION

## I. Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the

party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## II.  Negligence

As a federal court sitting in diversity jurisdiction, the Court "appl[ies] the substantive law of the forum state," which here is the state of New York. *See Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005); *Avlonitis v. United States*, 2020 WL 1227164, at *5 (E.D.N.Y. Mar. 13, 2020) ("Because the motor vehicle collision underlying this action occurred in New York, New York tort law applies." (quotation and citation omitted)). Under New York law, a claim of negligence requires a party to establish: "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and

(iii) injury substantially caused by that breach." *Pasternack v. Lab'y Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir. 2015) (quotation omitted); *A.H. by Horowitz v. Precision Indus. Maint. Inc.*, No. 1:19-CV-298 (FJS/CFH), 2021 WL 2417610, at *2 (N.D.N.Y. June 14, 2021) ("For a plaintiff to establish negligence under New York law, he must show that (1) the defendant has a duty to act in a certain manner in relation to the plaintiff; (2) the defendant breached this duty; and (3) the plaintiff was injured as a result of the breach.").

Here, Defendant does not dispute that Plaintiff is entitled to summary judgment on the issue of liability. (Dkt. 25 ("Defendant is not disputing negligence in this opposition . . .")). Accordingly, Plaintiff's motion for partial summary judgment on the claim of negligence is granted. *See Sheets v. Kilbury*, 196 A.D.3d 1096, 1097-98 (4th Dep't 2021) ("Plaintiffs met their initial burden on their cross motion by establishing that the vehicle plaintiff was operating was rear-ended by the vehicle operated by defendant while plaintiff's vehicle was stopped in traffic, which presented a prima fac[i]e case of negligence on the part of defendant." (citing *Pitchure v. Kandefer Plumbing & Heating*, 273 A.D.2d 790, 790 (4th Dept. 2000))).

### III. Serious Injury

Plaintiff also contends that he is entitled to summary judgment on the issue of the existence of a "serious injury" under New York's no-fault insurance law, N.Y. Insurance Law § 5101 *et seq*. "That law provides, in pertinent part, that 'in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in [New York], there shall be no right

of recovery for non-economic loss, except in the case of a serious injury.'" *Spencer v. Chung*, No. 20CV599 (DLC), 2021 WL 5360430, at *1 (S.D.N.Y. Nov. 17, 2021) (quoting N.Y. Ins. Law § 5104(a)); *see also Smith v. Gray*, No. 19-CV-2169-NGG-CLP, 2021 WL 3603588, at *4 (E.D.N.Y. Aug. 13, 2021) ("To recover for non-economic losses under the No-Fault Law, a plaintiff must show two things: (1) they sustained a 'serious injury'; and (2) the injury was 'proximately caused by the accident at issue.'" (quoting *Kang v. Romeo*, No. 18-cv-4033 (ARR) (SMG), 2020 WL 4738947, at *8 (E.D.N.Y. Aug. 14, 2020))).

> Serious injury is defined under the statute as follows:
>
> "Serious injury" means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102; *Scarincio v. Cerillo*, 195 A.D.3d 1266, 1266 (3d Dep't 2021) ("[A] serious injury includes a "significant limitation of use of a body function or system[,] or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment" (citing Insurance Law § 5102[(d)])).

"Although far less common than one made by a defendant, a motion for summary judgment on the issue of 'serious injury' may be granted in a plaintiff's favor in a proper case." *Sanchez v. Travelers Cos., Inc.*, 658 F. Supp. 2d 499, 507 (W.D.N.Y. 2009) (quotation and citation omitted). "[P]laintiff, as the party seeking summary judgment, [is] obligated to tender proof demonstrating, as a matter of law, that [he] suffered a serious injury and that it was causally related to the accident." *Thompson v. Brown*, 167 A.D.3d 1310, 1311 (3d Dep't 2018). As explained in *Malave v. Fernandez*, No. 16 CIV. 8100 (KPF), 2018 WL 3967665 (S.D.N.Y. Aug. 17, 2018):

> New York courts apply a burden-shifting framework in analyzing summary judgment motions on the issue of whether a plaintiff has suffered a serious injury: First, [a] plaintiff moving for summary judgment on the issue of serious injury must establish, prima facie, that he or she sustained a serious injury within the meaning of Insurance Law § 5102(d), and 'that the [serious] injury was causally related to the accident. After satisfying this burden, a defendant must present evidence showing that a triable issue of fact remains as to whether the plaintiff has suffered a serious injury that bears a causal nexus to the accident.

*Id*. at *5 (internal quotations and citations omitted). As noted, in order to meet a *prima facie* case, a plaintiff must show that his injuries were causally related to the motor vehicle accident; however, the existence of "'medical evidence that the claimed injuries were not caused by the accident, even if the evidence is based on an examination conducted long after the accident,' may defeat a plaintiff's claim." *Id.* (quoting *Rogers v. McLamb*, No. 04 Civ. 7043 (HBP), 2006 WL 2734228, at *5 (S.D.N.Y. Sept, 22, 2006)). "Indeed, New York courts have refused to find a causal connection between an alleged accident and injury—and thus found that a plaintiff did not suffer a 'serious injury'—where the record

- 7 -

contains evidence of preexisting injuries or degenerative conditions unrelated to the accident." *Id.*

Plaintiff appears to contend that he suffers from a "permanent consequential limitation" or "significant limitation of use of body function or system," two categories which "are similar and often analyzed together." *Boyarski v. Karczewski*, No. 17-CV-6282 FPG, 2019 WL 3816560, at *1 (W.D.N.Y. Aug. 14, 2019). "[S]ignificant limitation of use of a body function does not require permanence, but instead requires a fact finding on the issue of whether the dysfunction is important enough to reach the level of significance." *Cabarris v. Knight Transportation, Inc.*, No. 17-CV-6259-MJP, 2020 WL 4904945, at *4 (W.D.N.Y. Aug. 19, 2020) (quotation and citation omitted); *Smith*, 2021 WL 3603588, at *4 ("New York law requires more than a minor limitation of use to show a significant injury. . . . [A] plaintiff must show a limitation that is significant in terms of duration as well as degree." (quotation and citation omitted)). In order to meet this burden, a plaintiff is required to come forward with "objective proof of injury, as subjective complaints of pain will not, standing alone, support a claim for serious injury." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 777 (2d Cir. 2010) (citing *Son v. Lockwood*, 07-cv-4189, 2008 WL 5111287, at *5-6 (E.D.N.Y. Nov.26, 2008).

Plaintiff argues that he sustained a herniated disc that required fusion surgery and suffered a serious back injury, and that these injuries were the result of the accident. He relies on the testimony of his surgeon, Zair Fishkin, M.D., who opined that Plaintiff's C6-7 right side disc herniation was most likely caused by the accident. (Dkt. 20-10 at 20). Dr. Fishkin also opined that at Plaintiff's last appointment with him on November 19, 2020,

Plaintiff had a temporary impairment of 75%, which only permitted Plaintiff to perform sedentary work. (*Id.* at 30). Plaintiff also submits the February 17, 2020 report of Richard J. Dellaporta, M.D., who recommended neck surgery for Plaintiff's injuries. (Dkt. 20-11). Finally, Plaintiff presents the independent medical examination report of Michael R. Ferrick, M.D., who opined that while Plaintiff had pre-existing diffuse degenerative disease of his entire spine before the accident, he sustained cervical and thoracolumbar sprains and strains in the accident aggravating and making symptomatic his degenerative disease. (Dkt. 20-12 at 3). Plaintiff contends that he has been prevented from returning to his work since the accident and has documented restrictions in his activities of daily living, as well as significantly reduced range of motion in his back and neck. (Dkt. 20-13 at 5).

Even assuming Plaintiff has satisfied his initial burden, Defendant has come forward with sufficient evidence to raise genuine issues of material fact precluding resolution of this issue on summary judgment. As an initial matter, Defendant argues that the motion is premature because discovery is ongoing.[1] *See Bachman by Charles v. Hong*, 169 A.D.3d 436, 437 (1st Dep't 2019) (denying plaintiff's motion for summary judgment on issue of serious injury where adequate discovery was not conducted before motion was filed). But notwithstanding any open discovery issues, Defendant has submitted evidence calling into

---

[1] Plaintiff acknowledges that Defendant's examining physician expressed interest in seeing MRI records that were not before him, but suggests that "we can assume that the doctor would find these studies to be consistent with his previous opinion that all of the pathology shown pre-existed the collision, and as aforestated, that would not create an issue of fact or change the outcome of the motion." (Dkt. 27-5 at 8). The Court rejects Plaintiff's invitation to assume what the doctor may or may not conclude about records he has not yet reviewed.

question whether Plaintiff's injuries were causally related to the impact. For example, Defendant submits a radiology report from Kenneth D. Pearsen, M.D., who opines that there was "no evidence for a posttraumatic injury" to Plaintiff's thoracic and lumbar spine or cervical spine "that could be attributable to the motor vehicle accident of 05/04/19." (Dkt. 25-6 at 3-4). Similarly, Daniel Carr, M.D., examined Plaintiff on October 2, 2019 and noted that Plaintiff had "diffuse myofascial pain complaints and subjective complaints out of proportion to objective findings." (Dkt. 25-7 at 1-4).[2] Dr. Carr concluded that Plaintiff has a mild (25%) partial disability and opined that Plaintiff could return to work in a job not involving running, jumping, or lifting over 40 pounds. (*Id.* at 3). In addition, as noted, even the evidence submitted by Plaintiff acknowledges the pre-existence of diffuse degenerative disease of Plaintiff's spine before the accident.

The conflicting expert opinions before the Court on the instant motion demonstrate the existence of genuine issues of material fact, making summary judgment inappropriate. *See Comba v. United States*, No. 2:19-CV-1127 (DRH/AKT), 2021 WL 1601157, at *8 (E.D.N.Y. Apr. 23, 2021) (holding that genuine issues of material fact were presented on issue of serious injury where contradicting medical affirmations "merely establishes a battle of the experts' [which] underscores the conclusion that [plaintiff] has presented sufficient evidence to raise a genuine issue of material fact" (internal quotation and citation

---

[2] Defendant also submitted evidence relating to Plaintiff's July 23, 2020 arrest on charges of disorderly conduct and inciting a riot. Plaintiff argues that the submission of information relating to Plaintiff's arrest serves no purpose other than maligning Plaintiff and is not relevant to the time period at issue. Because the Court concludes that the medical evidence submitted raises genuine issues of material fact, it need not resolve the relevance of the arrest information at this stage of the proceedings.

omitted)); *Lagattuta-Spataro v. Sciarrino*, 191 A.D.3d 1355, 1356-57 (4th Dep't 2021) (denying plaintiff's motion for summary judgment where "although plaintiffs' submissions included objective evidence of serious injury in the form of medical records quantifying limited range of motion in plaintiff's spine and reporting the detection of muscle spasms," there were contrary findings in other records creating "triable issues of fact with respect to the significant limitation of use and permanent consequential limitation of use categories of serious injury"); *Giorgione v. Gibaud*, 147 A.D.3d 1448, 1449 (4th Dep't 2017) ("[G]iven the conflicting testimony of plaintiff['s] experts and defendants' expert both on the issues of serious injury and causation, we conclude that this is not an instance in which plaintiff [is] entitled to judgment as a matter of law."); *Harris v. Campbell*, 132 A.D.3d 1270, 1271 (4th Dep't 2015) (denying plaintiff's motion for summary judgment even though "plaintiffs submitted some objective evidence of plaintiff's physical limitations related to the accident" and "[c]ontrary to plaintiffs' contention, the mere fact that plaintiff underwent post-accident fusion surgery does not establish the causation between the accident and the surgery, particularly in light of the report of defendant's examining physician submitted by plaintiffs in support of the cross motion").

For all of these reasons, Plaintiff's motion for partial summary judgment on the issue of whether he has sustained a serious injury causally related to the accident in question is denied.

## **CONCLUSION**

For the reasons set forth above, the Court grants in part and denies in part Plaintiff's motion for partial summary judgment. (Dkt. 20).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   November 27, 2021
         Rochester, New York